IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-CV-282-D

| | |
|---|---|
| PRINCE PARKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| MILLER & LONG CONSTRUCTION ) | |
| CO., INC., ) | |
| ) | |
| Defendant. ) | |

On July 23, 2010, Miller & Long Construction Co., Inc. ("Miller & Long" or "defendant") filed a motion to dismiss [D.E. 6] Prince Parker's ("Parker" or "plaintiff") pro se complaint [D.E. 1-1]. In the complaint, Parker seeks relief under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, and N.C. Gen. Stat. § 143-422.2. Compl. ¶¶ 2, 33. Essentially, Parker claims that he was subjected to a racially hostile work environment and constructively discharged. See id.

In analyzing a motion to dismiss for failure to state a claim upon which relief can be granted, a court must determine whether the complaint is legally and factually sufficient. See Fed. R. Civ. P. 12(b)(6); Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56, 563 (2007); Coleman v. Md. Ct. of Appeals, No. 09-1582, 2010 WL 4486748, at *2 (4th Cir. Nov. 10, 2010); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007) (en banc); Kloth v. Microsoft Corp., 444 F.3d 312, 319 (4th Cir. 2006). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions drawn from the facts. Ashcroft, 129 S. Ct. at 1949–50; Coleman, 2010 WL 4486748,

at *2; Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 253 (4th Cir. 2009). Furthermore, a court may consider documents incorporated into the complaint by reference. See, e.g., Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007). Finally, a court must construe a pro se complaint liberally. See, e.g., Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam).

Parker's racially hostile work environment claims under Title VII and 42 U.S.C. § 1981 are legally and factually sufficient to state a claim against Miller & Long. See, e.g., Faragher v. City of Boca Raton, 524 U.S. 775, 786–89 (1998); EEOC v. Fairbrook Med. Clinic, P.A., 609 F.3d 320, 327–31 (4th Cir. 2010); Ocheltree v. Scollon Prods., Inc., 335 F.3d 325, 331–35 (4th Cir. 2003) (en banc). Thus, Miller & Long's motion to dismiss those two claims is denied.

To the extent that Parker seeks relief under Title VII for constructive discharge, Parker failed to allege constructive discharge in his EEOC charge. See Compl., Ex.1. As such, the court lacks subject-matter jurisdiction to consider the claim. See, e.g., Jones v. Calvert Group, Ltd., 551 F.3d 297, 300 (4th Cir. 2009); accord Chacko v. Patuxent Inst., 429 F.3d 505, 509–10 (4th Cir. 2005); Evans v. Techs. Applications & Serv. Co., 80 F.3d 954, 963–64 (4th Cir. 1996); Webb v. N.C. Dep't of Crime Control & Pub. Safety, 658 F. Supp. 2d 700, 707–09 (E.D.N.C. 2009). Thus, the court dismisses that Title VII claim for lack of subject-matter jurisdiction due to Parker's failure to exhaust administrative remedies.

To the extent that Parker seeks relief under 42 U.S.C. § 1981 for constructive discharge, Parker has failed to state a claim upon which relief can be granted. Stating a claim of constructive discharge under Title VII or section 1981 requires more than stating a racially hostile work environment claim under Title VII or section 1981. See, e.g., Penn. State Police v. Suders, 542 U.S.

2

129, 147–48 (2004); Whitten v. Fred's, Inc., 601 F.3d 231, 248–49 (4th Cir. 2010).[1] In order to state a claim of constructive discharge, a complaint must include plausible allegations of "(1) deliberateness of the employer's actions and (2) intolerability of the working conditions." Martin v. Cavalier Hotel Corp., 48 F.3d 1343, 1353–54 (4th Cir. 1995) (quotation omitted); see Honor, 383 F.3d at 186–87. Here, Parker's complaint fails to include plausible allegations that defendant deliberately intended to make Parker's working conditions so intolerable that he would quit. See Compl. ¶¶ 8, 23, 28–31. Thus, the court grants defendant's motion to dismiss Parker's constructive discharge claim under 42 U.S.C. § 1981.

To the extent Parker seeks relief under North Carolina common law or N.C. Gen. Stat. § 143-422.2, the claim fails. As for N.C. Gen. Stat. § 143-422.2, it does not create a private right of action. See, e.g., McLean v. Patten Cmtys., Inc., 332 F.3d 714, 719 (4th Cir. 2003); Smith v. First Union Nat'l Bank, 202 F.3d 234, 247 (4th Cir. 2000); Bratcher v. Pharm. Prod. Dev., Inc., 545 F. Supp. 2d 533, 544 (E.D.N.C. 2008); Roberts v. Wal-Mart Stores, Inc., 503 F. Supp. 2d. 787, 788–89 (E.D.N.C. 2007); Mullis v. Mechs. & Farmers Bank, 994 F. Supp. 680, 687 (M.D.N.C. 1997). Moreover, to the extent that Parker seeks relief under North Carolina law for the tort of wrongful discharge in violation of public policy, the claim fails. Notably, Parker admits in his complaint that he was not discharged and, instead, asked "to be laid off...." Compl. ¶ 34. Under North Carolina law, the tort of wrongful discharge in violation of public policy requires a discharge, and a constructive discharge does not suffice. See, e.g., Whitt v. Harris Teeter, Inc., 165 N.C. App. 32,

---

[1] Although Title VII's EEOC charge process does not apply to a section 1981 claim, courts analyze race discrimination claims under Title VII and section 1981 using the same analytic framework. See, e.g., Bryant v. Aiken Reg'l Med. Cntrs., Inc., 333 F.3d 536, 543–45 (4th Cir. 2003); Webb, 658 F. Supp. 2d at 711–12. Thus, constructive discharge principles applicable in Title VII cases also apply to section 1981 cases. See, e.g., Honor v. Booz-Allen & Hamilton, Inc., 383 F.3d 180, 186–87 (4th Cir. 2004).

3

44–50, 598 S.E.2d 151, 159–62 (McCullough, J., dissenting) (2004), dissent adopted by 359 N.C. 625, 614 S.E.2d 531 (2005) (per curiam); Clark v. United Emergency Servs., Inc., 189 N.C. App. 787, 661 S.E.2d 55, 2008 WL 1723229, at *4 (2008) (unpublished table decision); Beck v. City of Durham, 154 N.C. App. 221, 231, 573 S.E.2d 183, 190 (2002); Graham v. Hardee's Food Sys., Inc., 121 N.C. App. 382, 385, 465 S.E.2d 558, 560 (1996); accord Mosley v. Bojangles' Rests., Inc., No. 1:03CV00050, 2004 WL 727033, at *11 (M.D.N.C. Mar. 30, 2004). Furthermore, the tort of wrongful discharge in violation of public policy does not provide redress for someone alleging retaliation or a racially hostile work environment. See, e.g., Whitt, 165 N.C. App. at 44–50, 598 S.E.2d at 159–62.

In sum, Miller & Long's motion to dismiss [D.E. 6] is GRANTED in part and DENIED in part. Parker's claims under North Carolina law are DISMISSED with prejudice. Parker's constructive discharge claim under Title VII is DISMISSED for lack of subject-matter jurisdiction due to his failure to exhaust administrative remedies. Parker's constructive discharge claim under 42 U.S.C. § 1981 is DISMISSED for failure to state a claim upon which relief can be granted. Parker's racially hostile work environment claims under Title VII and 42 U.S.C. § 1981 may proceed.

SO ORDERED. This 30 day of December 2010.

JAMES C. DEVER III
United States District Judge